(No. 75-CV-56—

JUAN AREVALOS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 27, 1975.*

JUAN AREVALOS, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on March 30, 1974, at the vicinity of 300 South Racine Avenue, Chicago, Cook County, Illinois. Juan Arevalos, the victim, seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70, Sec. 71 et seq.* (hereafter referred to as "the *Act*").

This Court has carefully considered the application for benefits submitted on the form prescribed and fur-

nished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Juan Arevalos, age 51, was a victim of a violent crime, as defined in Sec. 2(c) of the Act, to wit:

"Aggravated Battery" (Ill. Rev. Stat., 1973, Ch. 38, Sec. 12-4).

2. That on March 30, 1974, claimant was beaten during a robbery attempt by two men while walking down the street near his home. Claimant had never seen these men before and has not seen them since.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon him.

4. That the victim sustained numerous injuries for which he was hospitalized and received surgery. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

5. That the two assailants have not been identified or apprehended. The case remains under investigation by the Chicago Police Department.

6. That there is no evidence that the victim and his assailants were related or sharing the same household.

7. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance.

# 844

8. That the victim's average monthly earnings for the 6 months immediately preceding his injury were $633.84 but earnings of only $500 per month can be considered as the basis for determining loss of earnings, pursuant to the following provision of Sec. 4 of the Act:

". . . loss of earnings shall be determined on the basis of the victim's average monthly earnings for the 6 months immediately preceding the date of the injury or on $500 per month, whichever is less."

9. That the victim, as a result of his injuries was unable to work during the period of April 1, 1974, through July 15, 1974, a period of 3.5 months. In accordance with the statutory limit of compensation of $500 per month victim is entitled to $1,750.00.

10. That, in addition to loss of earnings, the claimant incurred medical and hospital expenses which were partially covered by insurance benefits, and the gross amount of the precuniary loss for these items as computed before deductions and setoffs is as follows:

1) Hospital ...................................... $ 946.50
2) Medical ....................................... $ 509.50

$1,456.00

11. That, in determining the amount of compensation to which an applicant is entitled, Sec. 7(d) of the Act states that this court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workman's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)".

That, in the claim before us, the benefits received by the claimant from other sources which must be deducted from his loss, as contemplated by Sec. 7(d) of the Act, were shown to be in the total sum of $1,968.00. This amount, plus the statutory deduction of $200, having

been deducted from the gross amount of loss as calculated in Par. 9 and 10, leaves an amount of compensable loss sustained by the claimant of $1,238.00.

IT IS HEREBY ORDERED that the sum of $1,238.00 be awarded to the claimant, as the innocent victim of a violent crime.

IT IS FURTHER ORDERED that the sum of $999.99 (NINE HUNDRED NINETY NINE DOLLARS AND NINETY NINE CENTS) be paid immediately from the Court of Claims Fund as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $238.01 be referred forthwith to the General Assembly for its approval.